The Delaware, Lackawanna and Western Railroad Company, Appellant, *v.* John M. Burkard et al., Respondents.

Defendants executed to plaintiff an instrument in writing by which, for a valuable consideration, they agreed that F., who the instrument stated "has purchased, or is about to purchase, anthracite coal" of defendant, "shall pay said company at such time or times, and at such prices as may be agreed upon" between them, "for all coal that may be shipped to him up to the 1st day of May, 1882." In case of default of F. defendants agreed "to pay for the same, whether the indebtedness be in open account or embraced in notes, drafts or bills of exchange." In an action upon the instrument the defense was that plaintiff had extended the term of credit given to F., at the time coal was purchased, without the assent of defendants. *Held,* untenable; that the instrument was not made with reference to any then existing contract between F. and plaintiff fixing the time of credit, and it neither expressed or by implication limited the period of credit to the time fixed when a purchase was made, but left it subject to any future arrangement.

K., one of the defendants, was a married woman, not engaged in any business, and it did not appear that the instrument was executed for her benefit or for that of her separate estate. *Held,* that a nonsuit was properly directed as to her.

Plaintiff offered to prove the terms of the first contract of sale made with F. after the execution of the instrument. This offer was rejected. *Held,* error.

(Argued March 26, 1889; decided April 23, 1889.)

Appeal from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made April 23, 1885, which affirmed a judgment in favor of defendants, entered upon a verdict ordered by the court and denied a motion for a new trial.

This action was brought upon an instrument, a copy of which is set forth in the opinion, wherein, also, the material facts are stated.

*William Nottingham* for appellant. The defense of coverture was strictly personal to Katharine Fritchie, and in no way affected the liability of the other defendants. (*McGuire* v. *Johnson,* 2 Lans. 305; *Brumskill* v. *James,* 11 N. Y. 294;

*Hartness* v. *Thompson*, 5 Johns. 160.) The instrument in question is a continuing guaranty. (*Pratt* v. *Matthews*, 24 Hun, 386.) A guaranty should receive such a liberal construction, in view of the business it is designed to promote, as will secure safety to the creditor and at the same time facilitate, rather than hamper, the operations of the debtor. (*Davis* v. *Copeland*, 67 N. Y. 127; *Gates* v. *McKee*, 13 id. 232; *Douglass* v. *Reynolds*, 7 Pet. 113, 122; *Lawrence* v. *McCalmont*, 2 How. [U. S.] 426; *Rochester City Bk.* v. *Elwood*, 21 N. Y. 88, 90; *Evansville Nat. Bk.* v. *Kaufmann*, 93 id. 273; *People* v. *Lee*, 104 id. 441; *Sickel* v. *Marsh*, 44 How. 91.) The holding of the courts below that the taking of renewal notes by the plaintiff's agents was an extension of time to the principal which operated to discharge the guarantors was error. The indebtedness was, notwithstanding, plainly within the scope of the guaranty. (*Davis* v. *Copeland*, 67 N. Y. 127; *White's Bk.* v. *Myles*, 73 id. 335; *Crist* v. *Burlingame*, 62 Barb. 351; *Gates* v. *McKee*, 13 N. Y. 232; *Douglass* v. *Reynolds*, 7 Pet. 113, 122; *Lawrence* v. *McCalmont*, 2 How. [U. S.] 726; *Evansville Nat. Bk.* v. *Kaufmann*, 93 N. Y. 273; *People* v. *Lee*, 104 id. 441; *Belloni* v. *Freeborn*, 63 id. 383, 388; *Sickle* v. *Marsh*, 44 How. 91; *Rochester City Bk.* v. *Elwood*, 21 N. Y. 88, 90; *Mason* v. *Pritchard*, 12 East, 227; *City Nat. Bk.* v. *Phelps*, 16 Hun, 158; *Merchants' Nat. Bk.* v. *Hall*, 18 id. 176; 83 N. Y. 338; *Michigan State Bk.* v. *Peck*, 28 Vt. 200; *Fox* v. *Parker*, 44 Barb. 541; *Merle* v. *Wells*, 2 Camp. 413.) Even the objection that a contract is void for illegality is available to the parties alone, and not to them after it has been executed. (*Merritt* v. *Millard*, 4 Keyes, 208; *Woodworth* v. *Bennett*, 43 N. Y. 273.) Defendants could protect themselves at any time by calling upon the plaintiff to collect of Florack when the account or securities held at the time of the request became due. (*Merchants' Nat. Bank* v. *Hall*, 83 N. Y. 345; *Agawam Bk.* v. *Strever*, 18 id. 502; *Pain* v. *Packard*, 13 Johns. 174; *King* v. *Baldwin*, 17 id. 384; *Colgrove* v. *Tallman*, 67 N. Y. 95.) The terms of the guaranty include, and were designed to include, the indebted-

ness in suit and the renewal notes by which it was secured. (*Mount* v. *Lyon*, 49 N. Y. 552 ; *Merchants' Nat. Bk.* v. *Hall*, 18 Hun, 176 ; 83 N. Y. 338 ; *M. S. Bk.* v. *Peck*, 28 Vt. 200, 207, 208.) Every contract ought to be so construed that no sentence, word or clause shall be superfluous, void or insignificant. (Addison on Cont. § 220 ; *Ward* v. *Whitney*, 8 N. Y. 442, 446.) The indemnity taken by the sureties renders them liable notwithstanding any extension of time to the principal. (Brandt on Suretyship and Guaranty, § 302 ; *Kleinhaus* v. *Generous*, 25 Ohio St. 667.)

*Herman D. Morris* for John M. Burkard, respondent. There was such an extension of the time of payment to Florack as released the defendants from liability for the debt. (*Hubbard* v. *Gurney*, 64 N. Y. 466 ; *Place* v. *McIlvain*, 38 id. 96 ; *Pomeroy* v. *Tanner*, 70 id. 547 ; *Putnam* v. *Lewis*, 8 J. R. 389 ; *City Nat. Bk.* v. *Phelps*, 86 N. Y. 484 ; Brandt on Suretyship and Guaranty, §§ 316, 317 ; *Fellows* v. *Prentiss*, 3 Den. 512 ; *Meyers* v. *Wells*, 5 Hill. 463 ; *Bangs* v. *Mosher*, 23 Barb. 478 ; *Ins. Co.* v. *Devendorf*, 43 id. 444 ; *Samuel* v. *Howarth*, 3 Merivale, 272 ; Fell on Guaranty, 196 ; *Hall* v. *Hadley*, 5 Bing. 54 ; De Golyer on Guaranties, 414, 416 ; *Howell* v. *Jones*, 1 Cr. M. & R. 97, 107 ; *Coomb* v. *Woolf*, 8 Bing. 136 ; *Smith* v. *Townsend*, 25 N. Y. 479 ; Theobald on Prin. and Surety, 82 ; *Green* v. *Bates*, 74 N. Y. 333.) The guaranty cannot be construed to cover any extensions of the term of credit beyond that contemplated by the terms of sale. (*Ward* v. *Stahl*, 81 N. Y. 406 : *McClusky* v. *Cromwell*, 11 id. 593 ; *Berkhead* v. *George*, 5 Hill, 434 ; Bailies on Surety and Guaranty, 144 ; *Bangs* v. *Mosher*, 23 Barb. 478 ; *Samuel* v. *Howarth*, 3 Merivale, 272 ; *Ins. Co.* v. *Devendorf*, 43 Barb. 444 ; *Fellows* v. *Prentiss*, 3 Den. 512 ; Theobald on Prin. and Surety, 82 ; De Golyer on Guaranties, 414 ; Brandt on Surety and Guaranty, §§ 102, 103 ; *Hall* v. *Hadley*, 5 Bing. 54.)

*Satterlee & Yeoman* for George Fritchie et al., respondents. The defendants were all discharged from liability by the exten-

sion of the term of credit to the principal debtor. (*Fellows* v. *Prentice*, 3 Denio, 512; *Samuel* v. *Howarth*, 3 Merivale, 272; *C. B. of Poughkeepsie* v. *Phelps*, 16 Hun, 158, 162; 86 N. Y. 484, 491, 493; *Kellogg* v. *Stockton*, 29 Pa. 460, 463; *N. M. Bank Assn.* v. *Conkling*, 90 N. Y. 116, 121; *Wood* v. *Stahl*, 81 id. 406; *Ludlow* v. *Simonds*, 2 Caine's Cas. 57, 58: *Place* v. *McIlvain*, 38 N. Y. 96, 99; *Pomeroy* v. *Tanner*, 70 id. 547; *Hubbard* v. *Gurnsey*, 64 id. 457, 466, 467; *Myers* v. *Wells*, 5 Hill, 463.) The defendant Katharine Fritchie can avoid her agreement on the ground of coverture. (*Saratoga Co. Bank* v. *Pruyn*, 90 N. Y. 250; *S. N. Bank* v. *Miller*, 63 id. 639; *Broome* v. *Taylor*, 76 id. 564.)

Follett, Ch. J. In 1881 Frank J. Florack, of Rochester, New York, was a retail dealer in coal, which he purchased from the plaintiff. To enable him to purchase coal upon credit, an instrument (called in this litigation a guaranty) was executed and delivered to the plaintiff, on the day of its date, of which the following is a copy:

"For a valuable consideration to us in hand paid by the Delaware, Lackawanna and Western Railroad Company, at and before the execution hereof, the receipt of which is hereby acknowledged, we do hereby agree to and with the said company that Frank J. Florack, of the city of Rochester, state of New York, who has purchased, or is about to purchase anthracite coal of said company, shall and will pay said company at such time or times and at such prices as may be agreed upon between the said company and the said Frank J. Florack, for all coal that may be shipped to him up to the first day of May, A. D. 1882, and in default of his so doing, we agree to pay for the same, whether the indebtedness be in open account or embraced in notes, drafts or bills of exchange.

"Witness our hands and seals this ninth day of June, 1881.

"JOHN M. BURKHARD.     [L. S.]

"GEORGE FRITCHIE.     [L. S.]

"KATHARINE FRITCHIE. [L. S.]"

It was conceded upon the trial that upon divers days between May 3, 1881, and November 5, 1881, Florack received from the plaintiff coal for which he agreed to pay $15,398.85, and that between May 3, 1881, and May 8, 1882, he paid on this account $12,697.21, leaving due and unpaid May 8, 1882, $2,701.64, to recover which this action was brought upon the instrument above set forth. All of the defendants answered, alleging various defenses, all of which were abandoned upon the trial except: (1.) That the plaintiff had extended the term of credit given to Florack when the coal was purchased without the assent of the defendants, and thereby they were discharged from any liability as guarantors. (2.) That Katharine Fritchie was the wife of George Fritchie, was not engaged in any business, and that the guaranty was not given for her benefit, or for the benefit of her separate estate, and that she is not liable thereon.

The truth of the facts alleged in the defense herein designated as the second was conceded on the trial and a nonsuit was directed in favor of Katharine Fritchie.

The case does not disclose the contract, if any existed, between the plaintiff and Florack, at the date of the guaranty, prescribing the terms upon which coal had been or should thereafter be delivered; nor does it appear that there was any understanding upon the subject until in August or September, 1881, when Florack was compelled to order an unusual quantity of coal because the tracks of the New York Central and Hudson River Railroad Company were about to be elevated through the city, and connection with Florack's coal yard temporarily severed. At this time it was agreed between plaintiff and Florack that coal delivered during every calendar month should be paid for by Florack on the twentieth day of the succeeding month, if he could, but if he could not, the plaintiff was to accept his notes due in from one to three months; and if the coal was not sold at the maturity of the notes, that plaintiff would then be as lenient as it could be. Under this indefinite arrangement the subsequent deliveries

were made, and October 20, 1881, Florack gave his note for
$2,500, due in. three months, and November 21, 1881, he gave
his note for $2,596.58, due in three months.   The first note
was taken up January 23, 1882, partly by cash, and by a note
for $1,700, due in three months.   The second note was taken
up February 24, 1882, partly by cash and by a note for $1,596,
due in one month, which was taken up March 27, 1882, partly
by cash, and by a new note for $1,378, due in one month.
The note for $1,700 and the one for $1,378 were dishonored,
but subsequently were partly paid, and this action was brought
to recover the remainder, which was conceded on the trial to
amount, principal and interest, to $2,974.95.   The amount
included in these notes represented but part of the price of
coal delivered between September 12th and November 5, 1881.
There was no dispute on the trial about any of the material
facts, and at the close of the evidence, the court directed a
verdict in favor of Burkhard and George Fritchie.   Upon the
decision of the General Term it was adjudged that the com-
plaint be dismissed upon the merits as to all of the defendants,
with one bill of costs in favor of George and Katharine
Fritchie, and with one bill of costs in favor of Burkhard.

The defendants' agreement was that Florack should pay the
plaintiff " at such time or times and at such prices as may be
agreed upon between the said company and the said Frank J.
Florack for all coal which may be shipped to him up to the
1st day of May, A. D. 1882 ; and in default of his so doing
we agree to pay for the same, whether the indebtedness be in
open account or embraced in notes, drafts or bills of exchange."
It is plain from this language that the guaranty was not made
with reference to a then existing contract between the plaint-
iff and Florack fixing the price of coal and the terms of pay-
ment, but with reference to a contract or contracts thereafter
to be made, fixing the price of coal and the terms of payment ;
and that they had the right, in the future, to fix such prices and
terms of payment, either cash or credit ; and if credit, for such
time or times upon open account, on notes, drafts or bills of
exchange as they might mutually agree upon.   The mode by

which credit was given, a note, is expressly authorized by the guaranty, but the guaranty neither expressly nor by implication limits the period of credit to the time for which the first note might be given. If it be contended that the terms of the first agreement, made in August or September, between Florack and the plaintiff, must control, and that a subsequent extension of credit or change of the terms of sale would release the defendants from their contract, the answer is, that there is no evidence that the renewal of notes was not authorized by their agreement, and the plaintiff's offer to show the precise terms of this agreement, clearly relevant facts, was rejected. The court erred in rejecting this evidence, and, under the evidence given, in not directing a verdict for the plaintiff. The plaintiff, in form, appeals from the whole judgment, and against all of the defendants, although it does seem to question the correctness of the nonsuit granted in favor of Katharine Fritchie.

That part of the judgment which dismisses the complaint in favor of Katharine Fritchie should be affirmed, without costs to either party; but that part of the judgment which dismisses the complaint, with costs, in favor of George Fritchie and John M. Burkhard should be reversed and a new trial granted, with costs to abide the event.

All concur, except BRADLEY and HAIGHT, JJ., not sitting.

Judgment accordingly.